# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DUSTIN LEE LOVE**                                                                 **PLAINTIFF**

v.                                                                                         **No. 4:06CV198-P-A**

**M.D.O.C.**                                                                                               **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Dustin Lee Love, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

The plaintiff alleges that he and other inmates were riding in a trailer on the way to work in the fields at the Mississippi State Penitentiary when the driver of the truck pulling the trailer accidentally ran into a ditch. The Field Operations staff told the plaintiff that he could receive a rule violation report if he went to medical and nothing was wrong with him. The plaintiff's back hurt after the accident, and he was taken to the medical clinic an hour later. The doctor examined the plaintiff's back and prescribed painkillers.

The plaintiff's claim assigning blame for the accident to the inmate driver of the truck is a claim of negligence. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, this claim shall be dismissed for failure to state a claim upon which relief could be granted.

The plaintiff also alleges that he was denied proper medical attention for his back pain. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The medical staff examined the plaintiff's sore back and determined that painkillers would be the best course of treatment. The plaintiff disagrees with this course of treatment. As discussed above, however, such disagreement does not rise to the level of a constitutional violation. As such, the plaintiff's claim of denial of medical care shall be dismissed for failure to state a constitutional claim. In sum, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE